# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. MARQUEZ,**

    **Plaintiff,**

**v.**           CIV. No. 98-889 JP/WWD

**LILLIAN ROYBAL, in her**
**official and individual capacities,**
**HOWARD WILLIAMS, in his**
**official and individual capacities, and**
**THE NEW MEXICO DEPARTMENT OF LABOR,**
**HUMAN RIGHTS DIVISION**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 9, 1999, Defendant Lillian Roybal filed a Motion to Dismiss, (Doc. No. 9), under FED. R. CIV. P. 12(b)(6). Defendant New Mexico Department of Labor, Human Rights Division, and Defendant Howard Williams also filed a Motion to Dismiss, (Doc. No. 10), under FED. R. CIV. P. 12(b)(6). After thoroughly considering the pleadings and the applicable law, I conclude that each motion should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff Charles. A. Marquez ("Marquez") filed a *pro se* complaint on July 24, 1998, but he apparently never served it on the Defendants. On January 8, 1999, the court issued a notice of possible dismissal stating that Marquez' complaint would be dismissed unless he served it on Defendants within twenty days. On January 19, 1999, Marquez filed an amended complaint

against Defendant Lilian Roybal ("Roybal") in her official and individual capacities; Defendant Howard Williams ("Williams") in his official and individual capacities; and the New Mexico Department of Labor, Human Rights Division ("NMDOL"). Marquez served the amended complaint on all three Defendants on January 25, 1999.

In his amended complaint, Marquez alleges counts for First Amendment violations, due process violations, slander, defamation, and violations of the Americans with Disabilities Act ("ADA") stemming from his employment with NMDOL from August 18, 1993, through November, 1995.

## II.	LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted under FED. R. CIV. P. 12(b)(6) should be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss, the court presumes that all of the plaintiff's factual allegations are true and draws all reasonable inferences in his or her favor. *Pro se* complaints are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989), *cert. denied*, 493 U.S. 1059 (1990).

## III. DISCUSSION

### A. Claims under 42 U.S.C. § 1983

In Count I of his amended complaint, Marquez avers that Defendant Williams violated his First Amendment right to free speech under the United States Constitution. In Count II, Marquez contends that Defendants Roybal and Defendant Williams denied him due process under the Fourteenth Amendment to the United States Constitution. The court presumes that these claims are brought under 42 U.S.C. § 1983. Marquez did not specifically state whether he brought his § 1983 claims against Defendants Roybal and Williams in their official or individual capacities, although the caption indicates that he is suing them in both capacities.

*1. Official Capacity Suits against Defendants Roybal and Williams and Claims against NMDOL*

The Eleventh Amendment of the United States Constitution provides: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Marquez argues that the Eleventh Amendment does not apply to suits brought by citizens of the state against that state, (Resp. to Roybal's Mot. to Dismiss at 1.), but the law is clearly established that it does. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) (the state's immunity from suit in federal court under the Eleventh Amendment extends to claims brought by its own citizens).

Absent waiver by the State or valid congressional override, the Eleventh Amendment bars an action for damages brought against a State in federal court. *See, e.g., Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464-65 (1945). This bar remains in effect when

State officials are sued for damages in their official capacity. *See Edelman*, 415 U.S. 651. Congress did not rescind the states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 341-45 (1979). New Mexico has not waived its Eleventh Amendment immunity from suit in federal court. *See* N.M. STAT. ANN. § 41-4-4(F) (Michie 1996).

Therefore, Defendant Roybal and Defendant Williams in their official capacities are immune from suit in federal court. Because NMDOL is an arm of the State, *see* N.M.STAT. ANN. §§ 9-18-1 to 9-18-14 (Michie 1994), it is also immune from suit.

Marquez' 42 U.S.C. § 1983 claims against Defendant Roybal and Defendant Williams in their official capacities should also be dismissed under FED. R. CIV. P. 12(b)(6) because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

      *2.    Individual Capacity Suits Against Defendants Roybal and Williams*

Marquez alleges that Defendants Roybal and Williams violated his First and Fourteenth Amendment rights.

      **a.    First Amendment Claim against Defendant Williams**

It is difficult to understand against whom Marquez' alleges his First Amendment claim. In the first paragraph of his amended complaint, Marquez alleges that Defendant Roybal, Defendant Williams, and two other Division Directors violated his First Amendment rights. However, the two other Division Directors are not named in the caption and Marquez did not plead any facts to support any claims against them. Nor are there any factual allegations pled in the amended complaint concerning any First Amendment violations committed by Defendant Roybal. The only

4

factual allegations that would seem to give rise to a First Amendment claim are contained in Count II and seem to be directed only at Defendant Williams. (Amended Compl. ¶ 7.)

The gravamen of Marquez' First Amendment claim appears to be Defendant Williams' refusal "to accept any of [Marquez'] complaints against Lillian Roybal." *Id*. Marquez specifically avers that Defendant Williams did not allow Marquez to defend himself against Defendant Roybal's abuses or to initiate a grievance procedure against her. Marquez also asserts that his inability "to grieve" about Defendant Roybal is a matter of public concern.

One of the elements Marquez must establish to prevail on his First Amendment claim is that he engaged in protected speech. *See Lytle v. City of Haysville*, 138 F.3d 857, 863 (10th Cir. 1998). Speech is protected by the First Amendment if it involves matters of public concern. *See David v. City and County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1996) (Public employees claiming retaliation for exercising their First Amendment rights must show that their statements were about matters of public concern), *cert. denied*, -- U.S. --, 118 S.Ct. 157 (1997). "Matters of public concern are those of interest to the community, whether for social, political, or other reasons." *Lytle*, 138 F.3d at 863. In contrast, "speech relating to internal personnel disputes and working conditions ordinarily will not be viewed as addressing matters of public concern." *David*, 101 F.3d at 1355.

Having reviewed Marquez' amended complaint, it is clear that Marquez' speech, or thwarted attempts to speak, concerned his personnel dispute with Defendant Roybal and his work conditions at NMDOL. Since Marquez' speech does not concern a matter of public concern, it is not entitled to First Amendment protection. *See also Connick v. Myers*, 461 U.S. 138, 149 (1983) ("While as a matter of good judgment, public officials should be receptive to constructive

criticism offered by their employees, the First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs.").

### b. Due Process Claims

In Count II of his amended complaint, Marquez alleges that Defendants violated his due process rights. Marquez does not specify whether he is alleging substantive or procedural due process violations. Nor does he assert a protected property or liberty interest that would entitle him to Fourteenth Amendment protection.

Because it its unclear from Marquez' amended complaint whether it states a claim for due process violations under the Fourteenth Amendment to the United States Constitution, this claim will be dismissed without prejudice to afford Marquez the opportunity to file a second amended complaint by July 1, 1999, setting forth *specific* allegations that demonstrate support for any procedural due process claim, substantive due process claim, or protected property or liberty interest. With respect to each claim, Marquez should specifically state the following: 1.) whether it is a procedural due process claim or a substantive due process claim; 2.) the facts that support the claim; and 3.) the dates on which each act of alleged wrongdoing occurred. In connection with this claim, Marquez should also clarify the circumstances under which he left NMDOL (i.e., whether he was fired or whether he resigned and what the reasons were for either action). This will enable the court to evaluate Marquez' due process claim and determine whether the statute of limitations has expired.

### B. State Law Claims of Defamation and Slander against Defendant Roybal

Marquez alleges that Defendant Roybal is liable for the state tort claims of defamation and slander, although he does not specify whether he is suing Defendant Roybal in her individual or

official capacity. (Am. Compl. ¶ 9.) As noted above, Defendant Roybal is immune from suit in federal court in her official capacity. Thus, to the extent Marquez alleges claims against Defendant Roybal in her official capacity for defamation and slander under the New Mexico Tort Claims Act ("NMTCA"), N.M. STAT. ANN. § 41-4-1 *et seq.*, these claims should be dismissed.

This court does have jurisdiction over Marquez' NMTCA claim against Defendant Roybal in her individual capacity for slander and defamation. *See Ford v. New Mexico Dep't of Pub. Safety*, 119 N.M. 405, 411 (Ct. App. 1994) ("We see no obstacle under federal law, including the Eleventh Amendment, to a suit under the New Mexico Tort Claims Act in federal court against public officers and employees [in their individual capacities]."), *cert. denied*, 119 N.M. 354 (1995); *Noto v. Carter*, Civ. No. 96-233 JP/JHG, slip op. (D.N.M. Nov. 13, 1996) (federal district court has jurisdiction over claim under NMTCA against defendant in his individual capacity).

However, Marquez' claims of slander and defamation against Defendant Roybal in her individual capacity are subject to the statute of limitations provision contained in the NMTCA. *See* N.M. STAT. ANN. § 41-4-15(A) (Michie 1996) (stating that actions against public employees "shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss . . . ."). In his amended complaint, Marquez contends that Defendant Roybal made the slanderous and defamatory statements while Marquez was employed at NMDOL and Defendant Roybal was his supervisor. Both Marquez and Defendant Roybal left NMDOL in November 1995. Because Marquez did not file this action until July 24, 1998, more than two and a half years after leaving NMDOL, Marquez' claims of defamation and slander brought under the NMTCA against Defendant Roybal in her individual capacity are barred under N.M. STAT. ANN. §

7

41-4-15(A) and should be dismissed with prejudice.

Marquez argues, however, that Defendant Roybal was acting outside the scope of her employment when she slandered him. *See* N.M. STAT. ANN. § 41-4-4(A) (the immunity conferred by the NMTCA applies only to "public employee[s] while acting within the scope of duty."). If so, the three year statute of limitations contained in N.M. STAT. ANN. § 37-1-8 (Michie 1990) may be applicable. Because it is unclear, however, whether Marquez has stated a claim against Defendant Roybal for slander and defamation arising from action taken outside the scope of her employment, these claims will be dismissed without prejudice to allow Marquez the opportunity to file a second amended complaint by July 1, 1999, setting forth specific factual allegations supporting this claim. With respect to each claim of slander and defamation against Defendant Roybal for actions taken outside the scope of her employment, Marquez should specifically state the facts supporting each claim and the dates on which each allegedly slanderous or defamatory statement was made.

**C.    ADA Claims**

In Counts III and IV of his amended complaint, Marquez avers that his rights were violated "in violation of the Americans with Disabilities Act (ADA) of 1990, through repeated slanderous statements by Lillian Roybal . . . ." (Amended Compl. ¶ 9.) Marquez claims that Defendant Roybal told individuals at the Human Rights Division and the EEOC that Marquez "likes to argue a lot, and that's probably because he drinks. He has yelled at me and almost hit me because of his drinking problem, and that's probably how he treats his wife. He thinks he has given me work to review when he hasn't. I can't depend on Charlie. He drinks too much." *Id*. Marquez additionally avers that Defendant Roybal said he was an alcoholic, that she deleted some

8

of Marquez' work from the computer, and that she destroyed discrimination complaints, "possibly including" some of Marquez' work. *Id.*

Defendants argue that individuals are not liable under the ADA and that Marquez did not exhaust his administrative remedies. Defendant Williams and NMDOL also argue that Marquez failed to allege he was disabled in any major life activity; that Marquez cannot recover under the ADA because he alleges that Defendant Roybal acted out of personal animus, not because she believed Marquez was impaired due to drinking; and that a belief that an employee has a drinking problem is not actionable under the ADA. Finally, Defendant Williams argues he is entitled to qualified immunity.

*1. The Americans with Disabilities Act (ADA)*

The ADA provides in relevant part:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a). Marquez appears to allege that Defendants discriminated against him in the terms and conditions of his employment. (Amended Compl. ¶ 9.)

The ADA defines the term "disability" as any of the following:

> (A) a physical or mental impairment that substantially limits one or
>     more major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Marquez contends that Defendant Roybal regarded him as suffering from

the impairment of alcoholism, which falls under 42 U.S.C. § 12102(2)(C).[1] (Amended Compl. ¶ 9; Resp. to Def. Roybal's Mot. to Dismiss at 2.)

The ADA specifically addresses alcoholism. It states in part that a covered entity

> may hold an employee . . . who is an alcoholic to the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee . . . .

§42 U.S.C. 12114(c)(4).

### 2. *Individuals are not liable under the ADA*

In a recent opinion, the Tenth Circuit held that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition." *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *see also Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (finding that individuals are not liable under ADA); *E.E.O.C. v. AIC Sec. Investigations*, 55 F.3d 1276, 1279 (7th Cir. 1995) (holding that "individuals who do not independently meet the ADA's definition of 'employer' cannot be held liable under the ADA."). Hence, Marquez' ADA claim against Defendant Roybal and Defendant Williams should be dismissed with prejudice.

### 3. *Compliance with Administrative Prerequisites*

Defendants also argue that Marquez' ADA claim should be dismissed because he failed to

---

[1] The court is not persuaded by NMDOL's argument that Marquez cannot recover under the ADA because he alleged that Defendant Roybal merely believed he had a drinking problem. Marquez also averred that Defendant Roybal told others that Marquez was an alcoholic. (Am. Compl. ¶ 9.) Therefore, it is unnecessary for this court to decide whether an employee is disabled under the ADA if his employer regards him as having a drinking problem instead of as an alcoholic. *See Nielsen v. Moroni Feed Comp.* 162 F.3d 604, 609 (10th Cir. 1998) (status of being an alcoholic may be protected under the ADA).

allege compliance with the administrative prerequisites to suit under the ADA. This argument is predicated on Marquez' failure to allege in his amended complaint that he has filed a charge of discrimination with the EEOC as required by 42 U.S.C. § 2000-e- 5(e)(1) and the ADA. *See* 42 U.S.C. § 12117(a) (adopting by reference the enforcement scheme of § 2000e-5). In Marquez' response to Defendant Roybal's motion to dismiss, he states that he "filed a complaint with the Equal Employment Opportunity Commission (EEOC), on July 15, 1996, based on violations of my rights under the Americans with Disabilities Act (ADA) of 1990." (Resp. to Def. Roybal's Mot. to Dismiss at 2.) Marquez also states in his response that "[a]dministrative remedies were exhausted." *Id*.

Section 2000e-5(e)(1) states that a charge of discrimination under the ADA must be filed with the EEOC within 180 days of the alleged unlawful act. If, however, there is a state or local agency authorized to consider discrimination complaints, the charge of discrimination must be filed either within 300 days of the alleged unlawful act or within thirty days of receiving notice that the agency has terminated proceedings under State or local law, whichever is first. *Id*. The New Mexico Human Rights Commission is an authorized state agency, or a "deferral state." 29 C.F.R. § 1601.74. This extends the deadline for filing a complaint in New Mexico to 300 days. *See Mascheroni v. Bd. of Regents of the Univ. of California*, 28 F. 3d 1554, 1557 n. 3 (10th Cir. 1994).

Here, Marquez alleges in his response that he filed an EEOC complaint on July 15, 1996, and that he exhausted his administrative remedies. Considering Marquez' *pro se* status, this allegation is sufficient to withstand Defendants' motion to dismiss for failure to exhaust administrative prerequisites. *See Schmidt v. Beverly Health and Rehabilitation Services, Inc.*,

11

962 F.Supp. 1379, 1383 (D.Kan. 1997) ("A general allegation that plaintiff has complied with the conditions precedent to filing Title VII and ADA claims is sufficient to withstand a motion to dismiss.") (citing FED. R. CIV. P. 9(c)).

    *4.    Plaintiff failed to state a claim for ADA violations*

Marquez' amended complaint lends itself to two interpretations. First, Defendant Roybal did not actually believe that he was an alcoholic but nevertheless lied to others and told them Marquez had a drinking problem or was an alcoholic. Second, Defendant Roybal actually believed Marquez had a drinking problem or was an alcoholic and that his drinking was responsible for his misconduct at work. Under either interpretation, however, Marquez' ADA claim against NMDOL should be dismissed for failure to state a claim upon which relief can be granted.

    **a.    If Defendant Roybal did not actually believe Marquez was an alcoholic, he cannot recover under the ADA because NMDOL did not regard him as disabled**

Since Marquez denies that he is an alcoholic, he can only recover under the ADA if NMDOL regarded him as having the impairment of alcoholism. *See* 42 U.S.C. 12102(2)(C). To the extent Marquez avers that Defendant Roybal did *not* regard him as an alcoholic, but lied to others about Marquez' drinking habits and destroyed his work files and leave slip to bolster these lies, such a claim is not actionable under the ADA.[2]

This conclusion is supported by Judge Black's recent unpublished opinion in *Tafoya v.*

---

[2] It appears from Marquez' amended complaint that the only person at NMDOL alleged to have said Marquez was an alcoholic was Defendant Roybal. For this reason, whether NMDOL regarded him as suffering from an impairment under 42 U.S.C. § 12102(2)(C) depends on whether Defendant Roybal really believed he was an alcoholic.

12

*Reyes*, Civ. No. 98-479 BB/LFG, slip. op. (D.N.M. March 24, 1999). In *Tafoya*, the plaintiff claimed that the defendant was liable under the ADA because it regarded him as having a disability. The court rejected this theory and stated, "Defendant Reyes never considered Plaintiff disabled, but thought he was a malingerer exaggerating his injuries, told Plaintiff he should be healed by now, [and] belittled his claim of impairment . . . ." *Id*. at 12. Also, the defendant employer had video taped the plaintiff because defendant's management believed plaintiff was exaggerating his physical problems. "Given this evidence of management's strong belief that Plaintiff was in fact not disabled, there is no genuine issue of fact as to whether Defendant regarded Plaintiff as disabled." *Id*. The court granted summary judgment for the defendant on the plaintiff's ADA claim.

    **b. Even if Defendant Roybal believed Marquez was an alcoholic, his ADA claims should be dismissed**

Even if Marquez alleges that NMDOL regarded him as suffering from the impairment of alcoholism, Marquez' ADA claim should still be dismissed for two reasons: 1.) Marquez failed to allege that NMDOL regarded his alcoholism as substantially limiting any major life activity; and 2.) unsatisfactory conduct caused by alcoholism is not protected by the ADA.

      i. <u>Marquez failed to allege that NMDOL regarded him as having an impairment that substantially limited any major life activity</u>

Under the ADA, an employer is prohibited from discriminating against a qualified employee with a disability. *See* 42 U.S.C. § 12112(a). An employee has a disability if the employer regards him or her as having an impairment that substantially limits one or more major life activities. *See* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). Working is a major life activity. 29 C.F.R. § 1630.2(i). With respect to working, an employee is "substantially limited" if

13

he or she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes . . . ." 29 C.F.R. § 1630.2(3)(i). "A plaintiff's failure to allege facts that will support a finding that her disability substantially limited one or more major life activities or that her employer regarded her as having such a disability warrants dismissal of a plaintiff's ADA claim." *Burke v. Nalco Chemical Co.*, No. 96 C 981, 1996 WL 411456, * 5 (N.D.Ill. July 18, 1996) (granting defendants' motion to dismiss when plaintiff failed to allege she was disabled or that defendant regarded her as disabled).

Here, Marquez alleges that NMDOL regarded him as suffering from the impairment of alcoholism. *See Nielsen v. Moroni Feed Comp.* 162 F.3d 604, 609 (10th Cir. 1998) (status of being an alcoholic may be protected under the ADA). Alcoholism is not a per se disability under the ADA. *See Burch v. Coca-Cola Co.*, 119 F.3d 305, 316 (5th Cir. 1997) (declining to classify alcholism as a per se disability under the ADA), *cert. denied*, -- U.S. --, 118 S.Ct. 871 (1998); *Goldsmith v. Jackson Memorial Hosp. Public Health*, 33 F.Supp.2d 1341 (S.D.Fla. 1998) (rejecting assumption that alcoholism is a per se disability under the ADA). The only reasonable interpretation of Marquez' amended complaint is that he alleges that NMDOL regarded his alcoholism as substantially limiting him in the major life activity of working.

"[I]n order to establish a disability under the 'regarded as' prong of the ADA with respect to the major life activity of working," Marquez must show that NMDOL regarded him "as being substantially limited in performing either *a class of jobs* or *a broad range of jobs in various classes*." *Nielsen*, 162 F.3d at 612 (emphasis added); 29 C.F.R. § 1630.2(3)(i). Marquez' amended complaint, however, is devoid of any facts that would support a finding that NMDOL regarded his alcoholism as substantially limiting his ability to perform either a class of jobs or a

14

broad range of jobs in various classes. He simply alleges that Defendant Roybal believed Marquez' alcoholism or drinking caused him to be argumentative, to yell a lot, to almost hit her on one occasion, and to erroneously believe he had given her work to review when he had not. These factual allegation do not support a finding that Defendant Roybal, or anyone else, regarded Marquez as unable to perform either a class of jobs or a broad range of jobs in various classes due to his alcoholism or drinking. *Compare Miners v. Cargill Communications, Inc.*, 113 F.3d 820, 823 (8th Cir.) (plaintiff is regarded as an alcoholic when she is "offered . . . the choice between entering a chemical-abuse treatment program or being fired"), *cert. denied*, -- U.S. --, 118 S.Ct. 441 (1997).

In short, Marquez has failed to allege that NMDOL regarded him as suffering from an impairment that substantially limited the major life activity of working. Therefore, his ADA claim should be dismissed with prejudice because he has failed to allege that he had a disability under the ADA. *See Burke*, 1996 WL 411456, * 5; *Nielsen*, 162 F.3d at 612.

      ii. Unsatisfactory conduct caused by alcoholism is not protected by the ADA

The ADA recognizes "a dichotomy between a disability and disability-caused misconduct [ ] where the disability is related to alcoholism . . . ." *Nielsen*, 162 F.3d at 608. Although the *status* of being an alcoholic may be protected under the ADA, "unsatisfactory *conduct* caused by alcoholism . . . does not receive protection under the ADA . . . ." *Id.* at 609 (emphasis added); *see* 42 U.S.C. § 12114(c)(4) (Employers may hold alcoholic employees to the same standards as other employees, "even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee.").

15

As noted, Marquez alleges that Defendant Roybal told others that Marquez had a drinking problem that caused him to yell, argue, be unreliable, almost hit Defendant Roybal, and claim that he had given Defendant Roybal work to review when he had not. (Amended Compl. ¶ 9.) He also alleges that Defendant Roybal deleted his work from the computer and may have destroyed complaints he had prepared. *Id*. Only once in the amended complaint does Marquez allege that Defendant Roybal told anyone he was an alcoholic, and that comment was made in connection with a remark about Marquez' work performance.[3]

It is clear that Marquez alleges that Defendant Roybal discriminated against him based on *conduct* that she attributed to Marquez' drinking or alcoholism--not on his *status* as an alcoholic. Nothing in the ADA prohibits NMDOL from requiring that its employees be free from the influence of alcohol. *See* 42 U.S.C. § 12114(c)(1) and (2) (stating that employers "may prohibit . . . the use of alcohol at the workplace by all employees" and "may require that employees [ ] not be under the influence of alcohol . . . at the workplace."); s*ee also Walker v. Consolidated Biscuit Comp.*, Civ. No. 96-3747, 1997 WL 359054, * 4 (unpublished) (6th Cir., June 26, 1997) (stating that a defendant's proffered reason for discharging the plaintiff--that he had reported to work under the influence of alcohol--was a permissible reason for firing someone under the ADA, which permits employers to prohibit the use of alcohol at the workplace), *cert. denied*, -- U.S. --, 118 S.Ct. 627 (1997).

Marquez' ADA claim should also be dismissed, then, because he alleges that NMDOL discriminated against him for what it regarded as alcohol-related *conduct*--being under the

---

[3] The amended complaint states, "[o]n numerous occasions, Ms. Roybal would deny that I had given her numerous drafts I had prepared, and would tell Mr. Williams and others that I was forgetting basic aspects of my work because I was an alcoholic." (Amended Compl. ¶ 9)

16

influence of alcohol at work--not the *status* of being an alcoholic. Because the ADA does not protect unsatisfactory conduct caused by alcoholism, *Nielsen*, 162 F.3d at 609, the ADA cannot be interpreted as protecting unsatisfactory conduct NMDOL regarded as having been caused by alcoholism.

IT IS THEREFORE ORDERED that:

1. Defendant Roybal's motion to dismiss (Doc. No. 9) is GRANTED as follows:

   a. The following claims are dismissed with prejudice:

      i. Plaintiff's claims for due process and First Amendment violations under 42 U.S.C. § 1983 against Defendant Roybal in her official capacity;

      ii. Plaintiff's claim for First Amendment violations under 42 U.S.C. § 1983 against Defendant Roybal in her individual capacity;

      iii. Plaintiff's claims for slander and defamation under the NMTCA against Defendant Roybal in her official and individual capacities; and

      iv. Plaintiff's claim for Americans with Disabilities Act (ADA) violations against Defendant Roybal in her official and individual capacities;

   b. The following claims are dismissed without prejudice:

      i. Plaintiff's claims for due process violations brought under 42 U.S.C. § 1983 against Defendant Roybal in her individual capacity;

and

    ii.    Plaintiff's claims for slander and defamation against Defendant Roybal that do not fall under the NMTCA;

2. Defendant Williams and NMDOL's motion to dismiss (Doc. No. 10) is GRANTED as follows:

    a.    The following claims are dismissed with prejudice:

        i    Plaintiff's claims for due process and First Amendment violations under 42 U.S.C. § 1983 against Defendant Williams in his official capacity and against NMDOL,

        ii.    Plaintiff's claim for First Amendment violations under 42 U.S.C. § 1983 against Defendant Williams in his individual capacity,

        iii.    Plaintiff's claims for Americans with Disabilities Act (ADA) violations against Defendant Williams in his official and individual capacities and against NMDOL;

    b.    The following claim is dismissed without prejudice:

        i.    Plaintiff's due process claim under 42 U.S.C. § 1983 against Defendant Williams in his individual capacity;

3. Not later than July 1, 1999, Plaintiff may file a second amended complaint, in accordance with the instructions set forth in this memorandum opinion and order, as to those claims which are being dismissed without prejudice.

                                  */s/ James A. Parker*

                                  UNITED STATES DISTRICT JUDGE