# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. MARQUEZ,**

    **Plaintiff,**

**v.**                                                                         **CIV. No. 98-889 JP/WWD**

**LILLIAN ROYBAL, in her
individual capacity, and
HOWARD WILLIAMS, in his
individual capacity,**

    **Defendants.**

## MEMORANDUM OPINION

This matter comes before me *sua sponte*. After reviewing Plaintiff's "Complaint for Being Slandered and Defamed; Denied Rights under the Fourteenth Amendment; and for Violation of my Rights Under the Americans with Disabilities Act (ADA) of 1990, Second Amendment" ("Second Amended Complaint"), I conclude that Plaintiff's Fourteenth Amendment due process claims against Defendant Williams and Defendant Roybal in their individual capacities should be dismissed with prejudice.

## BACKGROUND

On February 9, 1999, Defendant Lillian Roybal filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). Defendant New Mexico Department of Labor, Human Rights Division ("NMDOL"), and Defendant Howard Williams also filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). On June 7, 1999, I issued a Memorandum Opinion and Order and a separate Order

dismissing with prejudice Plaintiff's claims for First Amendment violations under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their official and individual capacities and also against NMDOL; Plaintiff's claim for due process violations under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their official capacities and also against NMDOL; Plaintiff's claim for slander and defamation under the New Mexico Tort Claims Act ("NMTCA") against Defendant Roybal in her official and individual capacities; and Plaintiff's claims for Americans with Disabilities Act (ADA) violations against Defendants Williams and Roybal in their official and individual capacities and also against NMDOL. I dismissed without prejudice Plaintiff's claim for due process violations brought under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their individual capacities and Plaintiff's claims for slander and defamation against Defendant Roybal that do not fall under the NMTCA. I also gave Plaintiff leave to file a second amended complaint in accordance with the instructions set forth in the Memorandum Opinion and Order.

On July 16, 1999, Plaintiff timely filed his Second Amended Complaint alleging three counts. Count I appears to be a claim of slander and defamation alleged against Defendant Roybal. Count III alleges due process violations. Count II is evidently a claim for alleged violations of the Americans with Disabilities Act ("ADA"). However, I have already dismissed with prejudice Plaintiff's claim of ADA violations against Defendant Williams, Defendant Roybal, and NMDOL. Plaintiff filed neither a motion to reconsider my June 7, 1999, dismissal of his ADA claim with prejudice nor a timely appeal with the Tenth Circuit Court of Appeals.[1]

---

[1] The June 7, 1999, Order of Dismissal that dismissed Plaintiff's ADA claims with prejudice included a finding under Rule 54(b) "that there is no just reason for delay in the entry of this final judgment on Plaintiff's claims that are being dismissed with prejudice . . . ." This made

Therefore, Plaintiff cannot reallege his ADA claim against Defendants in his Second Amendment Complaint, and I will not address it again.

## DISCUSSION

Plaintiff's remaining claims, then, are his due process claim against Defendant Williams and Defendant Roybal in their individual capacities under 42 U.S.C. § 1983 and his claims of slander and defamation against Defendant Roybal that do not fall under the NMTCA.

*Plaintiff's Due Process Claims*

In my Memorandum Opinion and Order, I instructed Plaintiff to file a second amended complaint "setting forth *specific* allegations that demonstrate support for any procedural due process claim, substantive due process claim, or protected property or liberty interest." (Opinion at 6.)[2] Despite my clear and unequivocal instructions, Plaintiff's Second Amended Complaint fails to specify whether he is alleging substantive or procedural due process violations and what protected property or liberty interest would be protected by the Fourteenth Amendment. This alone is reason to dismiss Plaintiff's due process claims. After reviewing Plaintiff's Second Amended Complaint, however, I also find that Plaintiff's due process claims should be dismissed for failure to state valid due process claims and because Defendants are entitled to qualified immunity.

---

the ruling immediately appealable. *See* FED. R. CIV. P. 54.

   [2] I also ordered Plaintiff to "clarify the circumstances under which he left NMDOL" because I thought he might have been attempting to allege a constructive discharge claim. *See* Plaintiff's Amended Complaint; Defendant Williams' and NMDOL's Memo. in Support of Mo. to Dismiss at 2 (stating Plaintiff alleged he resigned in November 1995). In Plaintiff's Second Amended Complaint, however, he alleges that he never left NMDOL in November of 1995, and, in fact worked there until June 29, 1998, when he left for a better-paying job. (Second Amended Compl. at 5.)

Plaintiff has clearly failed to state a claim for a substantive due process violation. "Substantive due process claims are not based on state law but are founded upon 'deeply rooted notions of fundamental personal interests derived from the Constitution.'" *Hennigh v. City of Shawnee*, 155 F.3d 1249 (1998) (quoting *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1996)). Although a public employee may have a substantive due process interest in his job for pretextual termination, *Roe v. Antle*, 964 F.Supp. 1522, 1533 (10th Cir. 1997), or for demotion of rank, *Hennigh*, 155 F.3d at 1257, Plaintiff was neither terminated nor demoted, and I do not think the substantive due process clause is so expansive as to protect a public employee against the type of harassment, belittlement, ridicule, and defamation alleged in Count III of Plaintiff's Second Amended Complaint. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (noting the Supreme Court's reluctance to "expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended.").

Plaintiff has also failed to state a claim for procedural due process. Under the Fourteenth Amendment, states are prohibited from depriving a person of liberty or property without due process of law. "To assess whether an individual was denied procedural due process, `courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process.'" *Hatfield v. Board of County Comm'rs* 52 F.3d 858, 862 (10th Cir. 1995) (quoting *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994)). Plaintiff must have a legitimate claim of entitlement based on state law to assert a protected property interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Since Plaintiff no longer asserts that he lost his job, which is what I had originally believed based on allegations in Plaintiff's first amended

4

complaint,[3] I need not decide whether he had a legitimate claim of entitlement based on New Mexico law to continued employment at NMDOL. Instead, Plaintiff now seems to assert that he had a protected property interest in being free from harassment, ridicule, or defamation. Nothing in New Mexico law, however, supports this assertion. It would certainly be absurd to think that Plaintiff was entitled to a hearing or any other process before being called an alcoholic or being criticized for his work performance. Simply put, Plaintiff's due process claim does not make sense in the context of the facts pled in Plaintiff's Second Amended Complaint.

Plaintiff has also failed to sufficiently allege a § 1983 procedural due process violation based on any protected liberty interest. "To show a deprivation of a liberty interest, [P]laintiff must show the (1) publication (2) of false statements (3) impugning the good name or reputation of the employee (4) which occurred in the course of terminating the employee or which foreclosed other employment opportunities." *Harjo v. Varnum Public Sch.*, 166 F.3d 347, 1998 WL 817754 at *3 (10th Cir. Nov. 27, 1998) (unpublished disposition) (citing *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 579 (10th Cir. 1996)). Because Marquez' allegations fail to satisfy the above four-part test, he has failed to allege a procedural due process claim based on any protected liberty interest.

Defendants have also raised the defense of qualified immunity. Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded

---

[3] In his first amended complaint, Plaintiff averred, "[t]hroughout my employment with the Human Rights Division, beginning on August 18, 1993, and continuing through most of November of 1995, I was denied my constitutional rights . . . ." First Amended Compl., ¶ 7. He later alleged that "Mr. Williams and Ms. Roybal would consistently threaten me with job termination. I was locked into a situation where the only alternative for me was to quit my job, which I could not do because of my family's need." *Id.* at ¶ 8.

5

from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, the plaintiff bears the "burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F. 2d 642, 645 (10th Cir. 1988). To do so, the plaintiff "must do more than identify in the abstract a right and allege that the defendant has violated it." *Id*. In order for pre-existing law to be clearly established, there must ordinarily "be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). The question whether a plaintiff has invoked "clearly established law" is a question of law which the district court must decide. *Losavio*, 847 F.2d at 646.

Plaintiff has failed to meet his burden of showing that it was clearly established that Defendants' actions violated Plaintiff's substantive or procedural due process rights. *See, e.g., Antle*, 964 F. Supp. at 1531 ("Neither the Supreme Court nor the Tenth Circuit has decided whether substantive due process protects a public employee's property interest in his employment.") (citing *Archuleta v. Colorado Dep't of Institutions*, 936 F.2d 483, 489 n.6 (10th Cir. 1991)). Therefore, Defendants are entitled to qualified immunity regarding Plaintiff's due process claim.

While I must liberally construe Plaintiff's *pro se* complaint, s*ee Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), I "will not supply additional facts, nor will [I] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197

6

(10th Cir.1989), *cert. denied*, 493 U.S. 1059 (1990). Because Plaintiff has failed to assert the facts that might support his due process claim, Plaintiff's due process claim against Defendant Williams and Defendant Roybal in their individual capacities should be dismissed with prejudice.

## SLANDER AND DEFAMATION CLAIMS

In my June 7, 1999, Memorandum Opinion and Order, I instructed Plaintiff to set forth the specific factual allegations and dates regarding his slander and defamation claim against Defendant Roybal for actions taken while acting outside the scope of her employment. *See* N.M. STAT. ANN. § 41-4-4(A) (Michie 1996 Repl. Pamp.) (the immunity conferred by the NMTCA applies only to "public employee[s] while acting within the scope of duty."). Although Plaintiff failed to allege in his Second Amended Complaint the specific dates on which Defendant Roybal allegedly made the slanderous and defamatory remarks, Plaintiff generally alleges that Defendants Roybal's actions occurred from February, 1995 to November 27, 1995. (Second Amended Compl. at 2.)

Plaintiff essentially alleges that Defendant Roybal acted outside the scope of her employment in telling Defendant Williams and other employees at NMDOL that Plaintiff had a drinking problem and was an alcoholic. The NMTCA defines "scope of duties" to mean "performing any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. STAT. ANN. § 41-4-3(G) (Michie 1996 Repl. Pamp.). Although Plaintiff does not explicitly say so, his Second Amended Complaint strongly suggests that Defendant Roybal's comments were made out of ill will and malice towards the Plaintiff and not in the performance of any official duty or in response to any inquiries from NMDOL officials about Plaintiff's work performance. Therefore, I conclude that Plaintiff's claim against Defendant Roybal does not fall under the purview of the

7

NMTCA because she was not acting within the scope of her authority when she allegedly made comments about Plaintiff's alleged drinking and alcoholism. *Compare Alvarez v. Eddy County Commission*, Civ. No. 98-0141 JC/RLP, slip op. (D.N.M. Sept. 25, 1998) (holding that county commissioner's statement to a newspaper reporter about plaintiff's arrest for embezzlement was not made outside the scope of his employment, so the NMTCA applied to plaintiff's defamation claim); *Candelaria v. Robinson*, 93 N.M. 786 (Ct. App. 1980) (holding that plaintiff's defamation claim based on report written by assistant district attorney and district attorney's letter to a sheriff, which quoted portions of the report, fell under the NMTCA because defendants were acting within the scope of their duties).

However, the statute of limitations for tort claims falling outside the NMTCA is three years. *See* N.M. STAT. ANN. § 37-1-8 (Michie 1990 Repl. Pamp.) (three year statute of limitations applies to injuries to person or reputation). Because Plaintiff did not file his original complaint until July 24, 1998, the statute of limitations has run regarding any slanderous or defamatory statements made by Defendant Roybal before July 24, 1995. Because Plaintiff has also alleged that the actions forming the basis of his Second Amended Complaint occurred between February 1995 and November 27, 1995, Plaintiff's slander and defamation claims against Defendant Roybal can only be based on events taking place between July 25, 1995, and November 27, 1995.

## CONCLUSION

Plaintiff's due process claim against Defendant Roybal and Defendant Williams in their individual capacities should be dismissed with prejudice. Based on my June 7, 1998, rulings and my conclusion that Plaintiff's due process claim must be dismissed, Plaintiff's <u>only</u> remaining

8

claim in this case is against Defendant Roybal in her individual capacity for slander and defamation arising from her actions taken outside the scope of her employment from July 25, 1995, to November 27, 1995.

                                             _____
                                             UNITED STATES DISTRICT JUDGE