# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CHARLES A. MARQUEZ,**

      **Plaintiff,**

**v.**                                            **CIV. No. 98-889 JP/WWD**

**LILLIAN ROYBAL, in her individual capacity, and HOWARD WILLIAMS, in his individual capacity,**

      **Defendants.**

## AMENDED MEMORANDUM OPINION

On August 4, 1999, I entered a Memorandum Opinion (Doc. No. 40) and Partial Final Judgment and Order of Dismissal (Doc. No. 41) dismissing Plaintiff's due process claims with prejudice and ruling that Defendant Roybal acted outside the scope of her employment when she allegedly slandered and defamed Plaintiff and that the three year statute of limitations applied to Plaintiff's claims of slander and defamation instead of the two year statute of limitations contained in the New Mexico Tort Claims Act. Also on August 4, 1999, Defendant Roybal filed a Motion to Dismiss 'Second Amendment' and Memorandum in Support of Motion to Dismiss, (Doc. No. 42). After throughly considering Defendant Roybal's motion and the applicable law, I conclude that the Memorandum Opinion and the Partial Final Judgment and Order of Dismissal of August 4, 1999, should be vacated and that Defendant Roybal's motion to dismiss should be granted.

**BACKGROUND**

On February 9, 1999, Defendant Lillian Roybal filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). Defendant New Mexico Department of Labor, Human Rights Division ("NMDOL"), and Defendant Howard Williams also filed a Motion to Dismiss under FED. R. CIV. P. 12(b)(6). On June 7, 1999, I issued a Memorandum Opinion and Order and a separate Order dismissing with prejudice Plaintiff's claims for First Amendment violations under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their official and individual capacities and also against NMDOL; Plaintiff's claim for due process violations under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their official capacities and also against NMDOL; Plaintiff's claim for slander and defamation under the New Mexico Tort Claims Act ("NMTCA") against Defendant Roybal in her official and individual capacities; and Plaintiff's claims for Americans with Disabilities Act (ADA) violations against Defendants Williams and Roybal in their official and individual capacities and also against NMDOL. I dismissed without prejudice Plaintiff's claim for due process violations brought under 42 U.S.C. § 1983 against Defendants Williams and Roybal in their individual capacities and Plaintiff's claims for slander and defamation against Defendant Roybal that do not fall under the NMTCA. I also gave Plaintiff leave to file a second amended complaint in accordance with the instructions set forth in the Memorandum Opinion and Order.

On July 16, 1999, Plaintiff timely filed his Second Amended Complaint alleging three counts. Count I appears to be a claim of slander and defamation alleged against Defendant Roybal. Count III alleges due process violations. Count II is evidently a claim for alleged violations of the Americans with Disabilities Act ("ADA"). However, I have already dismissed

with prejudice Plaintiff's claim of ADA violations against Defendant Williams, Defendant Roybal, and NMDOL. Plaintiff filed neither a motion to reconsider my June 7, 1999, dismissal of his ADA claim with prejudice nor a timely appeal with the Tenth Circuit Court of Appeals.[1] Therefore, Plaintiff cannot reallege his ADA claim against Defendants in his Second Amended Complaint, and I will not address it again.

On August 4, 1999, Defendant Roybal filed a Motion to Dismiss 'Second Amendment' and Memorandum in Support of Motion to Dismiss.

## DISCUSSION

Plaintiff's remaining claims, then, are his due process claim against Defendant Williams and Defendant Roybal in their individual capacities under 42 U.S.C. § 1983 and his claims of slander and defamation against Defendant Roybal that do not fall under the NMTCA.

*Plaintiff's Due Process Claims*

In the June 7, 1999, Memorandum Opinion and Order, I instructed Plaintiff to file a second amended complaint "setting forth *specific* allegations that demonstrate support for any procedural due process claim, substantive due process claim, or protected property or liberty interest." (Opinion at 6.)[2] Despite my clear and unequivocal instructions, Plaintiff's Second

---

[1] The June 7, 1999, Order of Dismissal that dismissed Plaintiff's ADA claims with prejudice included a finding under Rule 54(b) "that there is no just reason for delay in the entry of this final judgment on Plaintiff's claims that are being dismissed with prejudice . . . ." This made the ruling immediately appealable. *See* FED. R. CIV. P. 54.

[2] I also ordered Plaintiff to "clarify the circumstances under which he left NMDOL" because I thought he might have been attempting to allege a constructive discharge claim. In Plaintiff's Second Amended Complaint, however, he alleges that he never left NMDOL in November of 1995, and, in fact worked there until June 29, 1998, when he left for a better-paying job. (Second Amended Compl. at 5.)

3

Amended Complaint fails to specify whether he is alleging substantive or procedural due process violations and what protected property or liberty interest would be protected by the Fourteenth Amendment. This alone is reason to dismiss Plaintiff's due process claims. After reviewing Plaintiff's Second Amended Complaint, however, I also find that Plaintiff's due process claims should be dismissed for failure to state valid due process claims and because Defendants are entitled to qualified immunity.

Plaintiff has clearly failed to state a claim for a substantive due process violation. "Substantive due process claims are not based on state law but are founded upon 'deeply rooted notions of fundamental personal interests derived from the Constitution.'" *Hennigh v. City of Shawnee*, 155 F.3d 1249 (1998) (quoting *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1996)). Although a public employee may have a substantive due process interest in his job for pretextual termination, *Roe v. Antle*, 964 F.Supp. 1522, 1533 (10th Cir. 1997), or for demotion of rank, *Hennigh*, 155 F.3d at 1257, Plaintiff was neither terminated nor demoted, and I do not think the substantive due process clause is so expansive as to protect a public employee against the type of harassment, belittlement, ridicule, and defamation alleged in Count III of Plaintiff's Second Amended Complaint. *See Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992) (noting the Supreme Court's reluctance to "expand the concept of substantive due process because guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended.").

Plaintiff has also failed to state a claim for procedural due process. Under the Fourteenth Amendment, states are prohibited from depriving a person of liberty or property without due process of law. "To assess whether an individual was denied procedural due process, `courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due

process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process.'" *Hatfield v. Board of County Comm'rs* 52 F.3d 858, 862 (10th Cir. 1995) (quoting *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994)). Plaintiff must have a legitimate claim of entitlement based on state law to assert a protected property interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Since Plaintiff no longer asserts that he lost his job, which is what I had originally believed based on allegations in Plaintiff's first amended complaint,[3] I need not decide whether he had a legitimate claim of entitlement based on New Mexico law to continued employment at NMDOL. Instead, Plaintiff now seems to assert that he had a protected property interest in being free from harassment, ridicule, or defamation. Nothing in New Mexico law, however, supports this assertion. It would certainly be absurd to think that Plaintiff was entitled to a hearing or any other process before being called an alcoholic or being criticized for his work performance. Simply put, Plaintiff's due process claim does not make sense in the context of the facts pled in Plaintiff's Second Amended Complaint.

Plaintiff has also failed to sufficiently allege a § 1983 procedural due process violation based on any protected liberty interest. "To show a deprivation of a liberty interest, [P]laintiff must show the (1) publication (2) of false statements (3) impugning the good name or reputation of the employee (4) which occurred in the course of terminating the employee or which foreclosed

---

[3] In his first amended complaint, Plaintiff averred, "[t]hroughout my employment with the Human Rights Division, beginning on August 18, 1993, and continuing through most of November of 1995, I was denied my constitutional rights . . . ." First Amended Compl., ¶ 7. He later alleged that "Mr. Williams and Ms. Roybal would consistently threaten me with job termination. I was locked into a situation where the only alternative for me was to quit my job, which I could not do because of my family's need." *Id*. at ¶ 8; *see also* Defendant Williams' and NMDOL's Memo. in Support of Mo. to Dismiss at 2 (stating that Plaintiff alleged he resigned in November 1995).

other employment opportunities." *Harjo v. Varnum Public Sch.*, 166 F.3d 347, 1998 WL 817754 at *3 (10th Cir. Nov. 27, 1998) (unpublished disposition) (citing *Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 579 (10th Cir. 1996)). Because Marquez' allegations fail to satisfy the above four-part test, he has failed to allege a procedural due process claim based on any protected liberty interest.

Defendant Roybal has also raised the defense of qualified immunity. (Motion to Dismiss at 6.) Under the qualified immunity doctrine, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant raises the qualified immunity defense, the plaintiff bears the "burden of convincing the court that the law was clearly established." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F. 2d 642, 645 (10th Cir. 1988). To do so, the plaintiff "must do more than identify in the abstract a right and allege that the defendant has violated it." *Id*. In order for pre-existing law to be clearly established, there must ordinarily "be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992). The question whether a plaintiff has invoked "clearly established law" is a question of law which the district court must decide. *Losavio*, 847 F.2d at 646.

Plaintiff has failed to meet his burden of showing that it was clearly established that the actions of Defendant Roybal and Defendant Williams violated Plaintiff's substantive or procedural due process rights. *See, e.g., Antle*, 964 F. Supp. at 1531 ("Neither the Supreme Court nor the

Tenth Circuit has decided whether substantive due process protects a public employee's property interest in his employment.") (citing *Archuleta v. Colorado Dep't of Institutions*, 936 F.2d 483, 489 n.6 (10th Cir. 1991)). Therefore, Defendants Roybal and Williams are entitled to qualified immunity regarding Plaintiff's due process claims.

While I must liberally construe Plaintiff's *pro se* complaint, s*ee Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), I "will not supply additional facts, nor will [I] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989), *cert. denied*, 493 U.S. 1059 (1990). Because Plaintiff has failed to assert the facts that might support his due process claims, Plaintiff's due process claims against Defendant Williams and Defendant Roybal in their individual capacities should be dismissed with prejudice.

*Plaintiff's Slander and Defamation Claims should be dismissed without prejudice*

Because I have concluded that Plaintiff's remaining federal claims should be dismissed with prejudice, the sole remaining claims in this case are now Plaintiff's state law claims for slander and defamation alleged against Defendant Roybal for actions taken outside the scope of her employment. "[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice–that is the seminal teaching of *United Mine Workers v. Gibbs*, 383 U.S. 715 [ ](1966) . . . ." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995); *see* 28 U.S.C. § 1367(c)(3) (federal district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction). Dismissal of state law claims is dictated by concerns over "judicial economy, fairness, convenience, and comity." *Ball*, 54 F.3d at 669. Only when there are

7

compelling reasons to the contrary should a federal district court refrain from dismissing the state law claims. *See id.*

There is no compelling reason for me to retain jurisdiction over this case, which involves state law claims alleged against an employee of the State of New Mexico.[4] To the contrary, there is a compelling reason to dismiss this case without prejudice--to allow Plaintiff to refile his slander and defamation claims in state court where a state court judge can decide whether Defendant Roybal acted outside the scope of her employment when she allegedly made slanderous and defamatory remarks and, if so, whether the two year statute of limitations contained in the New Mexico Tort Claims Act, N.M. STAT. ANN. 37-1-8 (Michie 1996 Repl. Pamp.), would apply to Plaintiff's claim or whether the three year statute of limitations for injuries to persons or reputation would apply. *See* N.M. STAT. ANN. § 37-1-8 (Michie 1990 Repl.Pamp.).

## CONCLUSION

My August 4, 1999, Memorandum Opinion (Doc. No. 40) and Partial Final Judgment and Order of Dismissal (Doc. No. 41) should be vacated. I conclude that Plaintiff's due process claims against Defendant Roybal and Defendant Williams in their individual capacities should be dismissed with prejudice. Plaintiff's claims of slander and defamation alleged against Defendant

---

[4] Under 28 U.S.C. § 1367(d), the "period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Because I exercised supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), the period of limitations for Plaintiff's slander and defamation claims is tolled. This means that Plaintiff will be able to refile in state court, within thirty days of the entry of the accompanying Amended Partial Final Judgment and Order of Dismissal, his slander and defamation claims against Defendant Roybal for statements she allegedly made while acting outside the scope of her authority.

Roybal for actions taken outside the scope of her employment should be dismissed without prejudice to allow Plaintiff to refile them in state court.

_____
UNITED STATES DISTRICT JUDGE